RINALDI *v.* TANA ET AL.

[No. 120, September Term, 1968.]

*Decided March 5, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Francis W. Taylor* for appellant.

*Joseph A. Lynott, Jr.,* for appellees.

PER CURIAM.

Three sisters entered into a contract to sell their identical holdings of stock in a family coal and fuel oil corporation for an agreed price. One sister refused to perform the contract and

the prospective purchaser, who had been ready, willing and able to accept and pay for the stock of all the sisters, refused to vary the contract and accept and pay for the stock of the two sisters who tendered it against payment of two-thirds of the purchase price.

The two tendering sisters then sued a brother for having maliciously induced the breach of the contract to sell the stock. Judge Moore, hearing the case without a jury, found that the brother, not being privileged to do so, purposefully and maliciously for his own unjustified and selfish reasons had induced his sister not to perform the contract and therefore was guilty of tortious interference with contract rights, 4 Restatement *Torts* § 766; *Knickerbocker Ice Co. v. Gardiner Dairy Co.,* 107 Md. 556, 561, *et seq.; Stannard v. McCool,* 198 Md. 609; *Horn v. Seth,* 201 Md. 589; *McGinnis v. Chance,* 247 Md. 393, 401, and liable in compensatory and punitive damages.

The testimony and exhibits offer sound support for Judge Moore's findings of fact, he correctly applied the controlling law, and the damages awarded were appropriate.

*Judgment affirmed, with costs.*